Stephen Douglas **STOUTNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–98–01317–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 1, 2001.

---

**13.** *See Perez,* 905 S.W.2d at 698.

Scot R. Courtney, Houston, for Appellant.

James Kuboviak, William D. Ballard, Bryan, for the State.

Panel consists of Justices MIRABAL, TAFT, and DUGGAN.*

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION ON REHEARING

TAFT, Justice.

Appellant, Stephen Douglas Stoutner, was charged by information with driving while intoxicated (DWI). After a jury found appellant guilty, the trial court assessed punishment at one year community supervision and a $750 fine. We address appellant's complaints of: (1) the denial of his motion to quash the information based on its failure to properly plead manner and means; (2) the denial of his motion to suppress evidence because the initial stop was not predicated on reasonable suspicion or probable cause; (3) the denial of an article 38.23 (statutory exclusionary rule) jury instruction; (4) legal sufficiency; and (5) factual insufficiency of the evidence proving appellant's intoxication at the time he was operating a motor vehicle. On November 30, 2000, we issued an opinion affirming appellant's conviction. In response to appellant's motion for rehearing, we withdraw our original opinion and issue this opinion instead. We affirm.

### Facts

On October 29, 1996, at approximately 1:00 a.m., Officers Slanker and Moore of the Bryan Police Department were talking to each other from their parked patrol cars, when they heard what they believed to be an auto accident. Both officers searched the area and, after about five minutes, Slanker located a Jeep that had apparently hit a pole, spun, and come to rest, partially blocking a roadway. Appellant's friend, Daniel Matson, was the driver of the Jeep. Officer Slanker radioed his findings to Officer Moore and the police dispatcher, and Slanker began an accident investigation.

Approximately 10 minutes later, a pick-up truck pulled between Slanker's parked patrol car and the wrecked Jeep. Appellant, the driver of the pick-up, got out and

began walking around the accident scene. While standing at least one car's length away, appellant told Slanker the driver of the wrecked Jeep was his friend, Daniel Matson. Slanker directed appellant to move his pick-up truck into a parking lot if he wanted to wait to give Matson a ride home, after the officer's investigation.

Appellant moved his pick-up truck into a parking lot adjacent to the accident scene. At that point, Moore arrived to assist Slanker. After Slanker decided to arrest Matson for DWI, he directed Moore to tell appellant he could leave because his friend was being arrested and would not need a ride home.

When Moore approached appellant, he immediately noticed a very strong odor of alcoholic beverage on his breath. Moore asked appellant "where he had been, what he had been doing." Appellant replied that he and Matson had been out drinking, and Matson had been following appellant home after the bar closed. Moore then began a DWI investigation of appellant. At the conclusion of the field sobriety tests, Moore arrested appellant for DWI. Approximately 25 minutes after his arrest, appellant gave a blood sample that revealed a 0.16 blood alcohol level.

### Motion to Quash the Information

█ In his first point of error, appellant asserts the trial court erred in denying his motion to quash the information based on its failure to properly plead manner and means. There is no written motion to quash the information in the record. Appellant, however, made an oral motion to quash the information one day before trial.

█ "All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing." TEX. CODE CRIM. PROC. ANN. art. 27.10 (Vernon 1989). An oral motion to quash preserves nothing for review. *Faulks v. State*, 528 S.W.2d 607, 609 (Tex.Crim.App.1975); *Dula v. State*, 679 S.W.2d 601, 603 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd).

Because no written motion to quash is before us, we do not reach the question of the sufficiency of the information.

We overrule appellant's first point of error.

### Reasonable Suspicion

In his second point of error, appellant asserts the trial court erred in denying his motion to suppress evidence because his initial stop was not predicated on reasonable suspicion or probable cause. Appellant claims his constitutional rights were violated because, when Officer Moore approached appellant to inform him that his friend was going to be arrested, Moore immediately began conducting a DWI investigation without sufficient reason to detain appellant.

█ We review a trial court's ruling on a motion to suppress for abuse of discretion. *State v. Derrow*, 981 S.W.2d 776, 778 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd). We afford nearly complete deference to the trial court's determinations of fact, while we review the evidence in the light most favorable to the trial court's ruling. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We review reasonable suspicion and probable cause, mixed questions of law and fact, under a de novo standard. *Guzman*, 955 S.W.2d at 87–89; *Derrow*, 981 S.W.2d at 778.

█ A temporary detention is generally permissible if specific, articulable facts, taken together with their rational inferences, support a reasonable suspicion that the person detained actually is, has been, or soon will be, engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim.App.1997). An officer needs no justification, however, to approach a person in a public place to ask questions. *See Francis v. State*, 896 S.W.2d 406, 408–09 (Tex. App.—Houston [1st Dist.] 1995) *pet. dism'd improvidently granted* 922 S.W.2d

**720**

176 (Tex.Crim.App.1996). This constitutes an encounter. *Id.* at 408. The mere asking of questions does not transform an encounter into a detention. *See Barnes v. State,* 870 S.W.2d 74, 77 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

▇ Here, appellant was originally directed from the crime scene to wait in a nearby parking lot *if* he wanted to wait for his friend. Because appellant was not ordered to remain, he was not detained at that time. When Officer Moore approached appellant to tell him he could leave because his friend was going to be arrested, this constituted a mere encounter. When Officer Moore noticed the strong smell of alcohol on appellant's breath, Moore suspected appellant may have been driving while intoxicated. Moore then asked appellant where he had been and what he had been doing. When appellant answered, and admitted to having been drinking with his friend who had just been in an accident and arrested for DWI, Officer Moore had sufficient information to make a valid detention for suspicion of DWI under the *Terry* standard. *See Woods,* 956 S.W.2d at 38. Appellant does not challenge the ensuing DWI investigation that culminated in appellant's custodial arrest for DWI. Accordingly, the trial court did not err by denying appellant's motion to suppress.

We overrule appellant's second point of error.

## Exclusionary Rule Instruction

In his third point of error, appellant claims the trial court erred in refusing to give an exclusionary rule instruction despite a conflict in Officer Moore's testimony as to the legality of appellant's deten-

tion. Appellant thus argues the jurors should have been instructed to disregard evidence obtained from the detention if their resolution of any factual dispute showed the detention was illegal.[1]

▇ When the issue of the legality of a detention is raised in a DWI prosecution, and the facts regarding that detention are in controversy, the trial court is statutorily required to submit an article 38.23 instruction upon request. *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App.1986). The only question is whether, under the facts of a particular case, an issue has been raised by the evidence so as to require a jury instruction. *Murphy v. State,* 640 S.W.2d 297, 299 (Tex.Crim.App.1982). Where no such issue is raised by the evidence, the trial court acts properly in refusing a request to charge the jury. *Id.*

▇ While appellant never offered alternative proposals to the jury charge, he objected to the charge on the grounds of a factual dispute on the legality of appellant's detention, because of a conflict within Officer Moore's testimony.[2] However, a review of the evidence reveals no such conflict. Moore testified he approached appellant to tell him he was free to leave because his friend was being arrested for DWI. Moore testified on cross-examination that he did not include this information in the offense report because it was not pertinent to probable cause. There is no inconsistency between Moore's testimony as to why he contacted appellant, on the one hand, and his failure to include that information in his offense report. Appellant's jury charge objection did not raise the type of factual dispute that article 38.23 contemplates.

1. Article 38.23 of the Code of Criminal Procedure provides:
   In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2001).

2. Appellant argued that Officer Moore testified he went over to appellant to tell him not to wait for his friend, even though Moore wrote in his officer report that he approached appellant in order to contact him.

Because appellant raised no issue of disputed fact about the detention, and presented no evidence to controvert the officers' testimony about it, the trial court did not err in refusing the charge. *See Rose v. State,* 470 S.W.2d 198, 200 (Tex.Crim. App.1971) (no jury issue was raised where no witness was called by the defendant to controvert testimony of officers with respect to events and circumstances at time of arrest, and cross-examination did not raise fact issue on right to arrest).

We overrule appellant's third point of error.

## Legal and Factual Sufficiency

In his fourth and fifth points of error, appellant claims the trial court erred in denying appellant's motion for directed verdict because the evidence presented in the State's case-in-chief was not legally or factually sufficient to support a finding that he operated a motor vehicle while intoxicated.

■ In reviewing the legal sufficiency of the evidence to support a conviction, the critical inquiry is whether, considering the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Daniels v. State,* 853 S.W.2d 749, 750 (Tex.App.—Houston [1st Dist.] 1993, no pet.). When reviewing factual sufficiency, we review all the evidence, both favorable and unfavorable, and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong. *King v. State,* 29 S.W.3d 556, 563 (Tex.Crim.App.2000). Under the factual sufficiency standard, we ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Id.* (quoting from *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App. 2000)). Accordingly, we will reverse the fact finder's determination only if "a manifest injustice has occurred." *King,* 29 S.W.3d at 563 (quoting from *Johnson,* 23 S.W.3d at 12). In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *King,* 29 S.W.3d at 563.

■ To establish the offense of driving while intoxicated, the State must prove the defendant was intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp.2001); *Moore v. State,* 981 S.W.2d 701, 706 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd). Appellant claims the evidence showing he was intoxicated when Officer Moore approached him will not support a reasonable inference that he was intoxicated when he was earlier operating a motor vehicle. In evaluating the sufficiency of the evidence in a DWI conviction, there must be some independent evidence of: (1) how recently the vehicle had been driven; or (2) how much time had elapsed between the accident and the arrival of the police officer so as to furnish the jury with an informed basis for determining the relationship, if any, between the accused's driving and his intoxication. *Weaver v. State,* 721 S.W.2d 495, 498–99 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd). Indications that the accused was intoxicated when the police arrived do not, in themselves, prove that the accused was intoxicated at the prohibited time, i.e., when the accused was driving. *Id.* Without any evidence in the record that establishes the time of the accident or the driving upon a public place, the evidence is insufficient to show that the accused drove when he was intoxicated. *Id.*

Appellant asserts the State failed to introduce evidence he did not consume alcohol between the time he drove the vehicle

and the time Officer Moore approached him, a period of approximately 15 to 20 minutes.[3] Appellant contends the present case should be controlled by *McCafferty v. State*, 748 S.W.2d 489 (Tex.App.—Houston [1st Dist.] 1988, no pet.), in which we reversed a DWI conviction because no evidence was introduced showing the defendant did not consume alcohol in the 90–minute interval between the time of driving the vehicle and the arrival of the police. *Id.* at 492. In *McCafferty*, an officer testified the defendant appeared intoxicated when the officer arrived at the scene approximately one hour and 20 minutes after the accident occurred, although a witness testified the defendant did not appear intoxicated immediately after the accident. *Id.* at 490. The breath test was conducted more than two hours after the accident, and no retrograde extrapolation evidence was introduced to establish the defendant's level of intoxication at the time of driving. *Id.* at 491.

As in *McCafferty*, here Officer Moore testified he smelled alcohol on appellant's breath when he contacted him at approximately 1:29 a.m., while Officer Slanker testified he saw no signs of intoxication when appellant first arrived at the scene at approximately 1:14 a.m. Also similar to *McCafferty*, the officers in this case did not observe appellant during the 15 to 20–minute interval.

*McCafferty* is distinguishable, however, because the evidence here establishes a closer temporal relationship between the appellant's driving and his intoxication. First, appellant's 15 to 20–minute interval at issue is a significantly shorter period than the 90–minute interval in *McCafferty*. Second, appellant gave his blood sample approximately 25 minutes after he was arrested, as opposed to the two hours that McCafferty waited to take the breath test.

Third, unlike *McCafferty*, the State's expert witness, Charles Mott, connected the test results on appellant's blood, taken approximately 50 minutes after Officer Moore approached appellant, to his condition at the time he was seen driving.[4] Fourth, although Officer Slanker testified that appellant did not appear intoxicated when appellant arrived at the scene, Slanker also testified he was standing at least a car's length away from appellant and was not focused on appellant at the time. Finally, unlike *McCafferty*, the State was not required to exclude every other reasonable hypothesis except appellant's guilt because that analytical construct has since been discarded. *See Geesa v. State*, 820 S.W.2d 154, 165 (Tex.Crim.App.1991), *overruled on other grounds*, *Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App.2000). For these reasons, we conclude that *McCafferty* does not control our disposition of this issue.

The evidence in the present case is sufficient to establish when appellant was operating his motor vehicle, and that he had been driving on a public road. Fifteen to 20 minutes later, Officer Moore noted a strong odor of alcoholic beverage on appellant; appellant admitted he had been drinking with his friend who had just been in an accident and arrested for DWI; Moore did not see any alcohol containers near appellant, though the record shows that an inventory search of appellant's truck was not performed; appellant exhibited all six indications of intoxication during the horizontal gaze nystagmus; appellant exhibited indications of intoxication when he performed four field sobriety tests; appellant subsequently yielded a blood alcohol level of 0.16, approximately 25 minutes after he was arrested; and retrograde extrapolation indicated that ap-

---

3. The accident occurred between 1:00 a.m. and 1:10 a.m.; Matson was arrested at 1:29 a.m.; Officer Moore contacted appellant at approximately 1:29 a.m.; Officer Moore arrested appellant at 1:41 a.m.; appellant gave a blood sample at 2:04 a.m.

4. Using retrograde extrapolation, Mott concluded that appellant would have tested 0.18 at the time he was last driving. This is 0.02 higher than he actually tested one hour later.

pellant was intoxicated when he drove. There was no evidence that appellant was not intoxicated at the time of driving, or that he consumed alcohol within the 15–20 minute interval.

After reviewing the entirety of the evidence, and particularly in the absence of any defense evidence, we find the evidence was both legally and factually sufficient for the jury to find that appellant operated a motor vehicle while intoxicated. *See Weaver v. State,* 721 S.W.2d 495, 499–500 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

Accordingly, we overrule appellant's fourth and fifth points of error.

## Conclusion

We overrule appellant's motion for rehearing and affirm the judgment of the trial court.