COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-202-CR
 
EMILY SOVINE           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
        STATE
------------
FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant Emily Sovine appeals her
conviction for driving while intoxicated (DWI). In her sole point, she argues
that the trial court erred in denying her proposed jury instruction on whether
the investigatory traffic stop was based on reasonable suspicion. We affirm.
Factual Background
On September 2, 2001, Officer David
Cullins was patrolling the Grapevine Highway area. Around 2 a.m., he observed a
Toyota Tundra truck pull out of the parking lot of a local bar. The driver of
the truck failed to signal two lane changes within a short distance and twice
failed to maintain a single marked lane. As the truck made a left-hand turn to
enter the freeway, the back right tire hit the curb. For safety reasons, Officer
Cullins initiated a traffic stop before the truck entered the freeway.
When Officer Cullins approached the truck,
he noticed the driver had bloodshot, watery eyes, a strong odor of alcohol on
her breath, and a dazed appearance. Appellant admitted to drinking a few beers
at the bar. Officer Cullins asked the driver to exit the truck to perform field
sobriety tests, and she almost fell down, but regained her balance.
Officer Cullins then administered the
horizontal gaze nystagmus test, and the driver exhibited all six clues of
intoxication. After performing the walk-and-turn test, the driver exhibited
seven out of eight clues of intoxication. Finally, the driver performed the
one-leg-stand test and exhibited all four clues of intoxication. The driver also
failed to recite the alphabet in the proper sequence. Officer Cullins then
arrested the driver, appellant, for DWI. A jury convicted appellant of DWI, and
the court assessed punishment at forty-five days in jail and an $800 fine.
Jury Instruction
In her sole point, appellant argues that
the trial court erred in denying her proposed jury instruction on whether the
investigatory traffic stop was based on reasonable suspicion. The State responds
that appellant's testimony did not conflict with the evidence supporting the
detention so that the instruction was not required.
When the issue of the legality of a
detention is raised in a DWI prosecution, and the facts regarding that detention
are in controversy, the trial court is statutorily required to submit an article
38.23 instruction upon request. Balentine v. State, 71 S.W.3d 763, 773
(Tex. Crim. App. 2002); Stoutner v. State, 36 S.W.3d 716, 720 (Tex.
App.--Houston [1st Dist.] 2001, pet. ref'd) (op. on reh'g). Article
38.23 states that where the legal evidence raises an issue, the jury shall be
instructed that if it believes, or has a reasonable doubt, that the evidence was
obtained in violation of "this Article," then the jury shall disregard
any such evidence obtained. Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon
Supp. 2003). The only question is whether, under the facts of a particular case,
an issue has been raised by the evidence so as to require a jury instruction. Murphy
v. State, 640 S.W.2d 297, 299 (Tex. Crim. App. 1982). Where no such issue
is raised by the evidence, the trial court acts properly in refusing a request
to charge the jury. Id.
Appellant relies heavily on Vrba v.
State to support her contention that the trial court was required to give
an article 38.23 instruction in this case. 69 S.W.3d 713, 718 (Tex. App.--Waco
2002, no pet.) In that case, the defendant requested an article 38.23
instruction because of the conflicts between his testimony and the evidence
offered by the State regarding the bases for the stop. Id. The trial
court denied the request. Id. The appellate court reversed because the
defendant insisted that he drove appropriately and never crossed into oncoming
traffic. Id. at 717. This was inconsistent with the Texas Alcoholic
Beverage Commission agent's testimony. Id. at 719. Therefore, the
testimony raised a fact issue concerning the bases for the stop. Id.
Here, appellant's facts are
distinguishable from Vrba; thus her reliance is misplaced. Officer
Cullins testified that he saw appellant change lanes without using her turn
signal, cross over a single white line, and hit her truck's back tire on the
curb. On direct examination, appellant testified that as far as she knew she
signaled all her turns and to the best of her knowledge she did not cross any
lines. On cross examination, appellant admitted that she did not know for sure
if she crossed the line or not. She further admitted that she did not recall
using her signal at every lane change. Her testimony does not create
inconsistent testimony like the testimony that the defendant in Vrba
gave concerning his driving. Appellant was unable to give certain, unequivocal
answers to whether or not she crossed any lines or used her turn signal the
night she left the bar. Thus, appellant's testimony did not contradict Officer
Cullins's testimony and raise a fact issue concerning the bases for the stop.
Accordingly, we conclude that the trial court properly denied her article 38.23
instruction. Appellant's sole point is overruled.
Conclusion
Having overruled appellant's sole point,
we affirm the trial court's judgment.
 
                                                                       
TERRIE LIVINGSTON
                                                                       
JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: MAY 1, 2003

1. See Tex. R. App. P. 47.4