SOVINE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-202-CR

EMILY SOVINE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Emily Sovine appeals her conviction for driving while intoxicated (DWI).  In her sole point, she argues that the trial court erred in denying her proposed jury instruction on whether the investigatory traffic stop was based on reasonable suspicion.  We affirm.

Factual Background

On September 2, 2001, Officer David Cullins was patrolling the Grapevine Highway area.  Around 2 a.m., he observed a Toyota Tundra truck pull out of the parking lot of a local bar.  The driver of the truck failed to signal two lane changes within a short distance and twice failed to maintain a single marked lane.  As the truck made a left-hand turn to enter the freeway, the back right tire hit the curb.  For safety reasons, Officer Cullins initiated a traffic stop before the truck entered the freeway.  

When Officer Cullins approached the truck, he noticed the driver had bloodshot, watery eyes, a strong odor of alcohol on her breath, and a dazed appearance.  Appellant admitted to drinking a few beers at the bar.  Officer Cullins asked the driver to exit the truck to perform field sobriety tests, and she almost fell down, but regained her balance.

Officer Cullins then administered the horizontal gaze nystagmus test, and the driver exhibited all six clues of intoxication.  After performing the walk-and-turn test, the driver exhibited seven out of eight clues of intoxication.  Finally, the driver performed the one-leg-stand test and exhibited all four clues of intoxication.  The driver also failed to recite the alphabet in the proper sequence. Officer Cullins then arrested the driver, appellant, for DWI.  A jury convicted appellant of DWI, and the court assessed punishment at forty-five days in jail and an $800 fine.

Jury Instruction

In her sole point, appellant argues that the trial court erred in denying her proposed jury instruction on whether the investigatory traffic stop was based on reasonable suspicion.  The State responds that appellant’s testimony did not conflict with the evidence supporting the detention so that the instruction was not required.  

When the issue of the legality of a detention is raised in a DWI prosecution, and the facts regarding that detention are in controversy, the trial court is statutorily required to submit an article 38.23 instruction upon request.
  Balentine v. State
, 71 S.W.3d 763, 773 (Tex. Crim. App. 2002); 
Stoutner v. State,
 36 S.W.3d 716, 720  (Tex. App.—Houston [1
st
 Dist.] 2001, pet. ref’d) (op. on reh'g).  Article 38.23 states that where the legal evidence raises an issue, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of “this Article,” then the jury shall disregard any such evidence obtained.  
Tex. Code Crim. Proc. Ann
. art. 38.23(a) (Vernon Supp. 2003).  
The only question is whether, under the facts of a particular case, an issue has been raised by the evidence so as to require a jury instruction.
  Murphy v. State
, 640 S.W.2d 297, 299 (Tex. Crim. App. 1982).  Where no such issue is raised by the evidence, the trial court acts properly in refusing a request to charge the jury.  
Id
.

Appellant relies heavily on 
Vrba v. State
 to support her contention that the trial court was required to give an article 38.23 instruction in this case.  69 S.W.3d 713, 718 (Tex. App.—Waco 2002, no pet.)  In that case, the defendant requested an article 38.23 instruction because of the conflicts between his testimony and the evidence offered by the State regarding the bases for the stop.  
Id
.  The trial court denied the request.  
Id
.  The appellate court reversed because the defendant insisted that he drove appropriately and never crossed into oncoming traffic.  
Id
. at 717.  This was inconsistent with the Texas Alcoholic Beverage Commission agent’s testimony. 
 Id
. at 719.  Therefore, the testimony raised a fact issue concerning the bases for the stop.  
Id
.

Here, appellant’s facts are distinguishable from 
Vrba
; thus her reliance is misplaced.  Officer Cullins testified that he saw appellant change lanes without using her turn signal, cross over a single white line, and hit her truck’s back tire on the curb.  On direct examination,  appellant testified that as far as she knew she signaled all her turns and to the best of her knowledge she did not cross any lines.  On cross examination, appellant admitted that she did not know for sure if she crossed the line or not.  She further admitted that she did not recall using her signal at every lane change.  Her testimony does not create inconsistent testimony like the testimony that the defendant in 
Vrba
 gave concerning his driving.  Appellant was unable to give certain, unequivocal answers to whether or not she crossed any lines or used her turn signal the night she left the bar.  Thus, appellant’s testimony did not contradict Officer Cullins’s testimony and raise a fact issue concerning the bases for the stop.  Accordingly, we conclude that the trial court properly denied her article 38.23 instruction.  Appellant’s sole point is overruled.

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  MAY 1, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4