In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-00-01226-CR
____________

BRIAN KEITH PENNYWELL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 826044 



 
OPINION ON REMAND FROM THE 
COURT OF CRIMINAL APPEALS 

          A jury found appellant, Brian Keith Pennywell, guilty of burglary of a
habitation. The trial court assessed punishment at 35 years’ confinement, having
found true enhancement allegations that appellant had previously been convicted of
burglary of a building and burglary of a motor vehicle. On May 23, 2002, this Court
affirmed the trial court’s judgment. On September 4, 2002, we withdrew our May 23,
2002 opinion and held that appellant had no standing to contest the search of a stolen
bag and that appellant’s 35-year punishment was permissible because he had
stipulated to the two enhancement paragraphs. See Pennywell v. State, 84 S.W.3d
841 (Tex. App.—Houston [1st Dist.] 2001), remanded on other grounds, No. 1182-02 (Tex. Crim. App. Apr. 23, 2003). The Texas Court of Criminal Appeals granted
appellant’s petition for discretionary review and remanded the cause so that this Court
could address the sole remaining issue of the propriety of appellant’s detention to
determine whether the fruits of the seizure and search of the bag should have been
suppressed. See Pennywell v. State, No. 1182-02, slip op. at 2 (Tex. Crim. App. Apr.
23, 2003). On remand, we determine whether the search and seizure of the bag that
appellant was carrying were illegal because the investigating officer lacked
reasonable suspicion sufficient to justify detaining appellant to investigate. We
affirm.
Facts
          Allen Foster had previously pleaded guilty to committing the charged burglary,
along with appellant, and had been sentenced to five years in prison. Foster then
testified as an accomplice witness against appellant at appellant’s trial. Foster
identified appellant as having suggested that they “make some money” at an
apartment complex. After “scoping out” a few apartments, they broke into the
complainant’s apartment. Foster took a black bag that contained some of the property
that they stole, while appellant took a second, brown bag containing other stolen
property. Foster identified the bags at trial.  
          Foster’s accomplice-witness testimony was corroborated by a maintenance
worker, who observed Foster and appellant on the same day as the burglary. The
worker saw the two men suspiciously trying to enter a different apartment in the same
complex and saw them leave as the worker approached. Foster’s testimony was also
corroborated by the arrest of appellant, within the complex premises, in possession
of the complainant’s brown bag containing other property stolen in the burglary. 
Foster also testified that, prior to trial, appellant had slipped a note under Foster’s cell
door, in which appellant asked Foster to invoke his privilege against self-incrimination and to let appellant know if he needed any money while in prison. 
Motion to Suppress Evidence
          We first consider whether the trial court erred in denying appellant’s oral
motion to suppress evidence. In his first point of error, appellant claims the search
and seizure of the bag that he was carrying were illegal under the federal and Texas
Constitutions and article 38.23 of the Code of Criminal Procedure because the
investigating officer lacked either probable cause to arrest appellant or reasonable
suspicion sufficient to justify detaining appellant to investigate. See U.S. Const.
amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon
Supp. 2003). We previously determined this issue in our withdrawn May 23, 2002
opinion, as follows. 
A.      Standard of Review
          When, as here, the pertinent facts are undisputed, we review the trial court’s
resolution of a motion to suppress evidence de novo, as a legal ruling. See Oles v.
State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); State v. Cardenas, 36 S.W.3d
243, 245 (Tex. App.—Houston [1st Dist. 2001], pet. ref’d). In applying this standard,
we may infer all findings necessary to support the trial court’s ruling, must defer to
those findings, and must sustain the trial court’s ruling if the record reasonably
supports the ruling and the ruling is correct on any theory of law applicable to the
case. State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000). In conducting
our review, we consider the evidence before the trial court when it ruled on the
motion to suppress evidence. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim.
App. 2000). 
B.      Temporary Investigative Detention
          Interactions between police and civilians are divided into three categories: (1)
encounters, (2) detentions, and (3) seizures. See Terry v. Ohio, 392 U.S. 1, 19, 88 
S. Ct. 1868, 1879 (1968); Citizen v. State, 39 S.W.3d 367, 370 (Tex. App.—Houston
[1st Dist.] 2001, no pet.); Francis v. State, 896 S.W.2d 406, 408 (Tex.
App.—Houston [1st Dist.] 1995), pet. dism’d, improvidently granted, 922 S.W.2d
176 (Tex. Crim. App. 1996). In determining the reasonableness of an officer’s
intrusion, we objectively examine all of the facts and circumstances surrounding the
incident, based on the information that the officer possessed at the time, taken
together with rational inferences from those facts and circumstances. See Citizen, 39
S.W.3d at 370; Francis, 896 S.W.2d at 408. 
          An encounter occurs when a law enforcement officer approaches an individual
in public to ask questions. Citizen, 39 S.W.3d at 370; Stoutner v. State, 36 S.W.3d
716, 719 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d); Francis, 896 S.W.2d at
408. An officer needs no justification for an encounter, which triggers no
constitutional protections. Citizen, 39 S.W.3d at 370; Francis, 896 S.W.2d at 408. 
Merely asking questions does not transform an encounter into a detention. Stoutner,
36 S.W.3d at 720. The test of whether the interaction has progressed beyond an
encounter is whether the officer “would have communicated to a reasonable person
that the individual was not free to refuse the officer’s requests or otherwise terminate
the encounter.” Citizen, 38 S.W.3d at 370.
          Here, a police dispatcher provided information to Officer Leos, the
investigating officer, that the burglary suspect was a black male travelling on foot. 
On noticing appellant, a black male, walking toward the officer’s patrol car, Officer
Leos got out of the car, approached appellant, and asked if he lived in the apartment
complex. When appellant replied that he was “just visiting,” Officer Leos asked
whom he was visiting. When appellant replied that he was visiting “a friend,” Leos
asked the “friend’s” apartment number. No evidence, nor any inference from any
evidence, suggests that appellant was not free to decline to answer Officer Leos’s
questions. Accordingly, the facts and circumstances at this point of the interaction
between appellant and Officer Leos amounted to a mere encounter. 
          Officer Leos then temporarily detained appellant in the back seat of the patrol
car to investigate further. An investigative detention occurs when a law enforcement
officer confronts an individual, who then yields to a display of authority and is
temporarily detained without a warrant. See Johnson v. State, 912 S.W.2d 227, 235
(Tex. Crim. App. 1995); Citizen, 39 S.W.3d at 370. Placing appellant in the patrol
car constituted an investigative detention.
          Whether an investigative detention is permissible depends on whether the
officer reasonably suspects that the individual is, has been, or soon will be engaged
in criminal activity. See Citizen, 39 S.W.3d at 370. Reasonable suspicion requires
a “particularized and objective basis,” id., and exists when the officer can point to
specific and articulable facts that, taken together with rational inferences from those
facts, reasonably warrant the intrusion. See Terry, 392 U.S. at 21, 27, 88 S. Ct. at
1880, 1883; Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000); Davis
v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). The testimony of the
detaining officer as to his motives is a factor to be considered, among all the facts and
circumstances. Rhodes v. State, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997). 
          Officer Leos explained that he was suspicious of appellant because of
appellant’s vague answers to questions. During the encounter stage of his interaction
with Officer Leos, appellant first said that he was “just visiting,” which precluded his
living at the complex. When asked whom he was visiting, appellant then stated only
“a friend,” but could not give the friend’s name or the number of the friend’s
apartment unit. This left no explanation for appellant’s presence at the complex,
which, the record indicates, had a locked security gate that had to be triggered to
permit cars to enter and to leave the parking area. Officer Leos knew from his
dispatcher that he and his fellow officers were responding to a report of a burglary and
that they were looking for a black, male suspect, who would be on foot. Although
there was no information from the dispatcher that the suspect might be carrying
anything, Officer Leos noticed the large bag that appellant was carrying and described
the bag as large enough to contain a weapon or items taken during a burglary. 
          Appellant’s inability to explain his presence at the gated complex, his vague
answers in the encounter with Officer Leos, and the fact that he was carrying a bag
combined to provide a basis for Officer Leos’s reasonable suspicion that appellant
might have committed the burglary that Officer Leos had been called to investigate. 
There is no evidence of force, and the restraint was minimal. See Francis, 896 S.W.2d
at 411-12. These facts and circumstances combined to justify Officer Leos’s
temporarily detaining appellant in the back seat of the patrol car to investigate the
incident further. See id.; see also Rhodes, 945 S.W.2d at 117-18 (holding that the
officer was justified in temporarily handcuffing suspect and that the investigative
detention did not advance to the level of an arrest requiring probable cause).



          Accordingly, we hold that the search and seizure of the brown bag were not the
fruit of an unlawful detention or arrest. Therefore, we overrule appellant’s first point
of error.
 
 
 
 
 
 
Conclusion
We affirm the judgment of the trial court.
 
 
 
    Tim Taft
    Justice
 
Panel consists of Justices Taft, Jennings, and Hanks. 
 
Justice Taft, concurring.
 
Publish. Tex. R. App. P. 47.4.