Affirmed and Memorandum Opinion filed September 7, 2006








Affirmed and Memorandum Opinion filed September 7, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00419-CR

_______________

 

DANIEL BASURTO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 1019586

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Daniel Basurto appeals a conviction
for felony driving while intoxicated[1] (ADWI@) on the grounds that: (1) the
evidence is legally and factually insufficient to support his conviction; and
(2) he was denied effective assistance of counsel.  We affirm.

 

 

                                                                              








Sufficiency of the Evidence

Appellant=s first and second issues contend
that the evidence is legally and factually insufficient to support his
conviction because the State failed to prove that he had lost the normal use of
his mental and physical faculties while operating a motor vehicle. 

In reviewing legal sufficiency, we
view all of the evidence in the light most favorable to the verdict to
determine whether a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Prible v. State, 175
S.W.3d 724, 729-30 (Tex. Crim. App. 2005), cert. denied, ___ U.S. ___,
126 S.Ct. 481 (2005) (No. 05-5773).  In reviewing factual sufficiency, we view
all the evidence in a neutral light, both for and against the finding, and set
aside the verdict only if proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, while adequate if
taken alone, is greatly outweighed by contrary proof.  Id. at 730-31.

In this case, the jury was authorized
to convict appellant of DWI if it found that, while operating a motor vehicle
in a public place, he did not have the normal use of his mental or physical
faculties by reason of the introduction of alcohol into his body. See Tex. Pen. Code Ann. '' 49.01(2), 49.04(a) (Vernon 2003).  Thus, in evaluating the
sufficiency of the evidence in a DWI conviction, there must be evidence that
shows appellant was intoxicated at the time he was driving.  Johnson v.
State, 517 S.W.2d 536, 538 (Tex. Crim. App. 1975); see also Stoutner v.
State, 36 S.W.3d 716, 721 (Tex.App.BHouston [1st Dist.] 2001, pet. ref=d). 








In this case, appellant was involved
in a minor traffic accident with James Schwett.  Schwett testified that
appellant was driving the vehicle that hit his car from behind after Schwett
had stopped at a red light, and that appellant appeared to be drunk immediately
after the collision, when Schwett asked appellant for his insurance
information.  Because an altercation developed at the scene, Schwett called
911, and the police arrived about three or four minutes later.  Additionally,
Officer Currie and Officer Skinner (a second officer who arrived at the scene
in response to Currie=s call for back-up) both testified that appellant was then
intoxicated to the point of losing his physical faculties.  Viewed in the light
most favorable to the verdict, a rational jury could have found from this
evidence that appellant had been intoxicated while he was driving.  Moreover,
viewing this evidence in a neutral light, it is not so obviously weak as to
undermine confidence in the jury=s determination; and appellant points
to no contrary proof.  See Prible, 175 S.W.3d at 730-31.  Because
appellant=s first and second issues therefore fail to demonstrate legal or factual
insufficiency of the evidence of intoxication, they are overruled.

Appellant=s third issue argues that the
evidence is legally insufficient to enhance his conviction to felony DWI
because the State failed to prove that his date of release from confinement for
one of the prior DWI convictions used for enhancement occurred less than ten
years prior to the commission of the charged offense.

As is relevant here, a  person
commits felony DWI where he has two prior DWI convictions.  Tex. Pen. Code Ann. ' 49.09(b)(2) (Vernon Supp. 2006).  A
conviction may not be used for enhancement purposes if, among other things:

(2)       the offense for which the person is being tried was committed
more than 10 years after the latest of:

* * *

(D)      the date on which the person completed serving any term for
which the person was confined or imprisoned for the previous conviction; and

(3)       the person has not been convicted of . . . any offense
related to operating a motor vehicle while intoxicated within 10 years of the
latest date under Subdivision (2).








Act of May 25, 2001, 77th Leg., R.S.,
ch. 648, ' 2, 2001 Tex. Gen. Laws 1213, 1214, repealed by Act of May 27,
2005, Leg., R.S., ch. 996, ' 3, 2005 Tex. Gen. Laws 3363, 3364.[2] 
Thus, because both of the foregoing conditions must be met for a prior
conviction to be unavailable for enhancement purposes, where the relevant dates
of prior convictions are within ten years of each other, they are
appropriate for enhancement, regardless of their remoteness from the charged
offense.  Getts v. State, 155 S.W.3d 153, 157, 167, app. (Tex. Crim.
App. 2005).

Here, appellant was charged by
indictment with DWI committed on March 7, 2004, with allegations that appellant
had previously been convicted of DWI on August 30, 1979 and October 4, 1985,
and was sentenced to six days and 30 days confinement respectively.  Because
these prior convictions had discharge dates within 10 years of each other,
they are appropriate for enhancement of DWI.  See id.  Accordingly,
appellant=s issue fails to demonstrate the legal insufficiency of the evidence of
enhancement and is overruled.

Effectiveness of Counsel

Appellant=s fourth issue asserts that he was
denied effective assistance of counsel because his trial counsel failed to
fully investigate and object to the use of his 1979 misdemeanor conviction for
DWI to elevate the charged offense to a felony because that judgment is void
for failing to reflect an affirmative waiver of the right to a jury trial.[3]

A defendant=s right to effective assistance of
counsel is denied when a defense attorney=s performance falls below an
objective standard of reasonableness and there is a reasonable probability
that, but for the error, the result of the proceeding would have been
different.  Yarborough v. Gentry, 540 U.S. 1, 5 (2003); Wiggins v.
Smith, 539 U.S. 510, 521, 534 (2003); Scheanette v. State, 144
S.W.3d 503, 509 (Tex. Crim. App. 2004), cert. denied, 543 U.S. 1059
(2005).  To show ineffective assistance of counsel for the failure to object
during trial, an appellant must show that the trial judge would have committed
error in overruling the objection.  Ex parte White, 160 S.W.3d 46, 53
(Tex. Crim. App. 2004). 








Appellant cites no authority
indicating that the failure of a judgment to reflect waiver of a jury
trial renders it void.  Rather, where the trial record (not the judgment,
as appellant contends) is silent, waiver of trial by jury cannot be presumed on
direct appeal.  Samudio v. State, 648 S.W.2d 312, 314 (Tex. Crim. App.
1983).  However, appellant has not argued or provided evidence[4]
that the record from his 1979 conviction is silent regarding waiver, nor has he
otherwise established that the 1979 conviction is void.  Thus, he has not shown
that the trial court would have committed error in overruling an objection to
that conviction on that ground.  See White, 160 S.W.3d at 53. 
Accordingly, because appellant=s fourth issue does not demonstrate that he was denied
effective assistance of counsel, it is overruled, and the judgment of the trial
court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed September 7, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury convicted appellant, and the trial
court assessed punishment at 28 years confinement. 





[2]           Although repealed on September 1, 2005,
this law remains in effect for offenses, like appellant=s, committed before that date.  See Act of May
27, 2005, 79th Leg. R.S., ch. 996, ' 4,
2005 Tex. Gen. Laws 3363, 3364.





[3]           Appellant=s brief refers to waiver of the right to counsel, but the
authority it cites pertains to  waiver of the right to jury trial.





[4]           When an appellant attempts to collaterally
attack a prior judgment, he has the burden to bring forward the entire record
to show that it is silent regarding jury waiver.  West v. State, 720
S.W.2d 511, 519 (Tex. Crim. App. 1986).  Appellant has not done so in this
case.