

# NUMBER
# 13-11-00029-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DONALD R. MILLER JR.,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

**On appeal from the County Court at Law No. 1
of Montgomery County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza**

Appellant, Donald R. Miller Jr., was charged with the class B misdemeanor of driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.04(a), (b) (West 2003). Following the trial court's denial of appellant's motion to suppress, appellant pleaded guilty and was sentenced to 180 days' confinement. The trial court suspended the

sentence and placed appellant on community supervision for fifteen months. The trial court certified that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial . . . and the defendant has the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2)(A).[1] By a single issue, appellant contends the trial court erred in denying his motion to suppress.[2] We affirm.

## I. BACKGROUND

The only witness at the suppression hearing was the arresting officer, Trooper Michael Alders of the Texas Department of Public Safety. Trooper Alders testified that he was engaged in an unrelated traffic stop around 1:00 a.m. near a bar located near Cape Conroe, Texas. Trooper Alders heard an activated car alarm in the parking lot of the bar and observed a male, later identified as appellant, and a female companion walking toward a vehicle. Trooper Alders observed that the couple had difficulty in de-activating the alarm; at one point, the keys were dropped and appellant stumbled and almost fell over in retrieving the keys. According to Trooper Alders, both appellant and his female companion appeared to be intoxicated. As the trooper completed the unrelated traffic stop, he observed the couple's vehicle backing out of the parking lot, then pulling forward over a curb and out of the lot. Trooper Alders followed; although another vehicle was initially between the trooper's vehicle and appellant's, Trooper Alders passed the other vehicle, activated his lights, and pulled appellant's vehicle over. Trooper Alders testified that appellant's vehicle was "weaving" and "hit the white line"—

---

[1] We note that the clerk's record does not reflect that appellant's plea was pursuant to a plea bargain.

[2] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

the broken lane-divider line dividing the right-hand driving lane from the passing lane.[3] Trooper Alders stated he had reasonable suspicion to believe appellant was driving while intoxicated based on the following: (1) appellant was coming from a bar; (2) appellant was stumbling in the bar parking lot and was unable to maintain his balance; (3) appellant drove over a curb; and (4) appellant was weaving in his lane. After the stop, Trooper Alders noticed a strong odor of alcohol, that appellant's eyes were red and glassy, and that appellant had trouble standing without assistance. After appellant performed poorly on field sobriety tests and refused to provide a breath specimen, he was arrested for DWI. On cross-examination, Trooper Alders admitted that he did not see appellant get into the car and did not know whether appellant was driving the car when he began following it.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). In reviewing a trial court's ruling on a motion to suppress evidence for an abuse of discretion, we use a bifurcated standard. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc) (citing *Guzman v. State*, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997) (en banc)). We give almost total deference to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (citing *Guzman*, 995 S.W.2d at 89); *see Tellez v. State*, No. 09-10-

---

[3] A video recording showing Trooper Alders following appellant's vehicle and the subsequent stop was admitted in evidence. We have reviewed the recording which reflects appellant's vehicle traveling close to the broken line dividing the two lanes of traffic and touching the line several times.

3

348-CR, 2011 Tex. App. LEXIS 6990, at *3 (Tex. App.—Beaumont Aug. 24, 2011, no pet.) (mem. op., not designated for publication). We "review de novo 'mixed questions of law and fact' that do not depend upon credibility and demeanor." *Amador*, 221 S.W.3d at 673 (quoting *Montanez v. State*, 195 S.W.3d 101, 107 (Tex. Crim. App. 2006)); *Guzman*, 995 S.W.2d at 89. A determination of reasonable suspicion is made by considering the totality of the circumstances. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007). Because the trial court here did not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's ruling, and assume implicit findings of fact supported by the record. *Id.*

In *Foster v. State*, the court of criminal appeals repeated the standard for warrantless traffic stops:

> A law enforcement officer may stop and briefly detain a person for investigative purposes on less information than is constitutionally required for probable cause to arrest. In order to stop or briefly detain an individual, an officer must be able to articulate something more than an "inchoate and unparticularized suspicion or 'hunch.'" Specifically, the police officer must have some minimal level of objective justification for making the stop, i.e., when the officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances.

326 S.W.3d 609, 613 (Tex. Crim. App. 2010) (citations omitted). In the context of a DWI investigation, objective factors that may in combination justify a stop include the time of day, proximity to a bar, smell of alcohol, blood shot and glazed eyes, the officer's experience and training, erratic driving, and being with an intoxicated person. *See State v. Woodard*, 341 S.W.3d 404, 414 (Tex. Crim. App. 2011) (blood shot and glazed eyes, smell of alcohol); *Foster*, 326 S.W.3d at 613-14 (time of day, proximity to bar, officer's training and experience); *Curtis v. State*, 238 S.W.3d 376, 380 (Tex. Crim. App. 2007)

4

(time of day, officer's training, and driver's weaving in and out of lane over short distance); *Brother v. State*, 166 S.W.3d 255, 256-57 (Tex. Crim. App. 2005) (erratic driving); *Stoutner v. State*, 36 S.W.3d 716, 720 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (smell of alcohol, waiting for and drinking with intoxicated friend).

### III. DISCUSSION

Appellant contends that the evidence against him was improperly obtained because Trooper Alders did not have sufficient reasonable suspicion to stop his vehicle. Specifically, appellant argues that Trooper Alders cannot rely on his observations of appellant and his companion in the parking lot because: (1) Trooper Alders was unable to identify appellant as the driver of the vehicle when it left the parking lot; and (2) it is unclear how much time elapsed between Trooper Alders's observations in the parking lot and the subsequent stop. We are unpersuaded by appellant's arguments. Trooper Alders testified that he saw a male driving the vehicle when it pulled out from the parking lot and believed that the driver was appellant. When asked whether he was able to identify the driver (appellant) as the person he saw picking up the keys in the parking lot, Trooper Alders responded affirmatively. As the video was played at the suppression hearing, Trooper Alders testified that as he completed the earlier unrelated traffic stop, he "noticed something was going on over there [in the parking lot] because I could tell by the way I was walking back to the car in a hurry." We conclude that Trooper Alders identified appellant as the person he saw stumbling in the parking lot and that no significant amount of time passed between the trooper's observations of appellant in the parking lot and the stop.

When Trooper Alders was asked to identify the facts which gave him reasonable suspicion to believe appellant was driving while intoxicated, Trooper Alders answered that appellant was (1) "coming from a bar," (2) "was stumbling out in front of the bar," (3) "was not able to maintain his balance," (4) "drove over a curb," and (5) and was "weaving in his lane and failed to drive in a single marked lane." We also note that the time was approximately 1:00 a.m. and appellant was accompanied by a companion who also appeared to be intoxicated. Viewing the evidence in the light most favorable to the trial court's ruling, we hold that these factors gave Trooper Alders more than an "inchoate and unparticularized suspicion or hunch" that appellant was driving while intoxicated. *See Foster*, 326 S.W.3d at 614. Rather, he had "articulable facts" justifying the stop. *See id.* at 613. Because the trial court did not err in concluding that Trooper Alders had reasonable suspicion that appellant was driving while intoxicated, we overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
29th day of December, 2011.

6