**Affirmed and Memorandum Opinion filed August 2, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-01020-CR

---

**CHRISTEN LEE SHANEHCHIAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Cause No. 1689765**

---

## MEMORANDUM OPINION

A jury convicted appellant of misdemeanor driving while intoxicated ("DWI").
The trial court sentenced appellant to 180 days, probated for one (1) year.  In a single

issue on appeal, appellant claims the evidence was insufficient to support his conviction. Specifically, appellant asserts the State failed to prove he was intoxicated.

Officer Marguerito Perales of the Houston Police Department was assigned to the DWI Task Force when he arrested appellant for DWI. Officer Perales testified that he stopped appellant after observing him driving the wrong way down a one-way street. Officer Perales noticed a distinct and strong odor of alcoholic beverage coming from appellant, his eyes were red, bloodshot and glassy, and appellant's speech was slurred. Appellant admitted to Officer Perales that he had been drinking - a martini and one beer - at a bar that Officer Perales testified was three blocks away.

According to Officer Perales, when appellant stepped out of the vehicle he was unsteady and had to use the door to regain his balance. Officer Perales had appellant perform standardized field sobriety tests. The first test administered was the horizontal gaze nystagmus ("HGN") test. Officer Perales testified there are six total clues possible on the HGN test and displaying four clue establishes probable cause for arrest. Appellant displayed six clues, indicating to Officer Perales that he was under the influence of alcohol.

Officer Perales then administered the "one-leg stand" test. A total of four clues are possible on this test and displaying two clues establishes probable cause for arrest. Appellant displayed two clues: he dropped his foot and swayed.

The "walk-and-turn" test was administered by Officer Perales next. A display of two clues during this test establishes probable cause for arrest. Officer Perales testified that during the instruction phase he looked for two possible clues, and during the walking phase he looked for five possible clues. Appellant displayed five of the possible clues: he was unable to keep his balance during the instructional phase, used his arms for balance, stopped walking, took the wrong number of steps, and made an improper turn.

Based on his observations that appellant displayed mental and physical impairment, Officer Perales read appellant the statutory warnings and arrested him for

2

driving while intoxicated. Officer Perales asked appellant if he would provide a breath sample, appellant said no. Appellant was then asked whether he would provide a blood sample, appellant again said no. The encounter was captured on video and the record was introduced into evidence. Officer Perales testified that it was his opinion appellant had lost the normal use of his faculties and the cause of the impairment was alcohol.

Appellant argues Officer Perales' testimony was contradicted by appellant's ability to understand the instructions given for each test and his ability to read and understand the statutory warnings. Appellant contends the evidence that he adequately communicated with the officer and understood instructions establishes that a rational trier-of-fact could not have found beyond a reasonable doubt he was driving with diminished mental and physical faculties.

We evaluate the sufficiency of evidence supporting criminal convictions under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *Brooks v. State,* 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality opinion). That standard requires we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Salinas v. State,* 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). It is the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789.

To establish the offense of driving while intoxicated, the State must prove the defendant was intoxicated while operating a motor vehicle in a public place. Tex. Pen. Code Ann. 49.04(a) (West Supp. 2011); *Stoutner v. State,* 36 S.W.3d 716, 721 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd). The Penal Code defines "intoxicated" as (1) "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or

more of those substances, or any other substance into the body," or (2) "having an alcohol concentration of 0.08 or more." Tex. Pen. Code Ann. 49.01(2) (West 2011).

Appellant only challenges the evidence supporting the jury's finding that he had lost the normal use of mental or physical faculties. Appellant contends the evidence that he was able to adequately communicate with the officer and understand instructions was sufficient to establish that a rational trier of fact could not have found beyond a reasonable doubt that the appellant had lost the normal use of his mental and physical faculties.

However, we do not evaluate the evidence piecemeal. We consider "*all* of the evidence in the light most favorable to the verdict." *Jackson*, 443 U.S. at 319 (emphasis added). It is not required that each fact point "directly and independently" to guilt if the "cumulative force of all the incriminating circumstances is sufficient to support the conviction". *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Moreover, juries are permitted to draw reasonable inferences from evidence presented at trial. *Id*. at 14.

Appellant effectively cross-examined Officer Perales before the jury and not all of appellant's behavior after the traffic stop indicated intoxication. However, the jury as trier of fact was the sole judge of the credibility of the witnesses and the weight to be given the testimony. *Cain v. State,* 958 S.W.2d 404, 407–409 (Tex. Crim. App. 1997). It was free to accept or reject all or any part of any witness's testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Officer Perales opined that appellant was intoxicated. *See Annis v. State,* 578 S.W.2d 406, 407 (Tex. Crim. App.1979) (officer's opinion testimony defendant was intoxicated sufficient to establish intoxication); *Henderson v. State,* 29 S.W.3d 616, 622 (Tex. App. -- Houston [1st Dist.] 2000, pet. ref'd) (same). According to Officer Perales, appellant was unsteady and lost his balance when emerging from his vehicle. Officer Perales administered three separate tests and in all three appellant displayed that he had

lost the normal use of his mental and physical faculties. Finally, as noted above, the jury heard appellant refuse to submit to breath or intoxilyzer tests, which under our law the jury could consider as evidence of guilt. *Gaddis v. State,* 753 S.W.2d 396, 399 (Tex. Crim. App. 1988). Viewed in the light most favorable to the verdict, the evidence permitted rational jurors to find appellant was driving without the normal use of his mental or physical faculties.

Appellant's issue is overruled and the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges, Justices Seymore and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).

5