Anthony Dewayne CULLUM, Appellant,

v.

The STATE of Texas.

No. PD–0959–08.

Court of Criminal Appeals of Texas.

Nov. 19, 2008.

Eric M. Albritton, Longview, TX, for Appellant.

---

1. Op. at 580.

2. Op. at 580.

Wade Tyler Wilson, Asst. D.A., Longview, TX, Jeffrey L. Van Horn, State's Attorney, Austin, TX, for State.

## STATEMENT DISSENTING TO THE REFUSAL OF PETITION FOR DISCRETIONARY REVIEW

MEYERS, J., filed a dissenting statement in which PRICE and COCHRAN, JJ., joined.

Appellant, Anthony Dewayne Cullum, presented two grounds for review, both of which addressed whether an officer had reasonable suspicion to perform a traffic stop prompted only by the sound of spinning tires. To explore this issue, I would have granted Appellant's Petition for Discretionary Review. Therefore, I respectfully dissent to the refusal of Appellant's petition to the Court.

### I. FACTS

Officer Harry Clark was working DWI enforcement when he "heard a loud screeching noise" lasting "approximately three seconds" at an intersection, and he identified Appellant's car as the source of the noise. Officer Clark initiated a traffic stop, believing that Appellant had violated section 545.402 of the Texas Transportation Code, which states: "An operator may not begin movement of a stopped, standing, or parked vehicle unless the movement can be made safely." [1] TEX. TRANSP. CODE ANN. § 545.402 (Vernon 1999). Officer Clark asked Appellant to explain why his tires were spinning at the intersection, and Appellant responded that it was an accident.

---

1. Unless otherwise specified, all future references to sections refer to the Texas Transportation Code.

Officer Clark issued a traffic ticket and completed a DWI investigation. Appellant was charged with driving while intoxicated. He filed a motion to suppress, arguing that Officer Clark "lacked a reasonable, articulate suspicion" for the detention. The trial court denied the motion to suppress. Appellant pleaded guilty and the court sentenced him to one year of confinement, which the court probated for eighteen months, and an $800 fine. Appellant appealed to the Twelfth Court of Appeals, again arguing that Officer Clark did not have reasonable suspicion to perform the traffic stop. *Cullum v. State*, No. 12–07–00269–CR, 2008 WL 2358288, 2008 Tex. App. LEXIS 4193 (Tex.App.-Tyler June 11, 2008, pet. ref'd) (mem. op., not designated for publication). The court of appeals affirmed. *Id.*

### II. REASONABLE SUSPICION

The issue is whether there was reasonable suspicion for Officer Clark to perform the traffic stop. To stop and temporarily detain a person, an officer must have specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Castro v. State*, 227 S.W.3d 737, 741 (Tex.Crim.App.2007). To assess the presence of reasonable suspicion, the facts are judged by an objective standard: whether, given the facts available to the officer, a reasonably cautious person would believe that the action taken was appropriate. *Terry*, 392 U.S. at 21–22, 88 S.Ct. 1868; *Griffin v. State*, 215 S.W.3d 403, 409 (Tex.Crim.App.2006). The facts must amount to more than a

mere hunch or suspicion. *Terry,* 392 U.S. at 22, 88 S.Ct. 1868; *Brother v. State,* 166 S.W.3d 255, 257 (Tex.Crim.App.2005).

## III. WHETHER THE FACTS AMOUNTED TO MORE THAN A MERE HUNCH

Officer Clark testified that his only reason for initiating a traffic stop was to respond to the squealing tires, which had indicated a violation of section 545.402. It remains unclear whether the three-second sound of spinning tires gave Officer Clark a mere hunch, or the requisite reasonable suspicion to perform the traffic stop. Any number of mechanical and environmental factors could cause tires to spin for three seconds, so it might not have been reasonable for Officer Clark to conclude, based solely on that sound, that Appellant had been engaged in criminal activity.[2]

## IV. WHETHER OFFICER CLARK REASONABLY CONCLUDED THAT APPELLANT VIOLATED SECTION 545.402

In addition to doubting whether three seconds of squealing provoked anything more than a mere hunch, I question the reasonableness of Officer Clark's conclusion that Appellant had violated section 545.402. Our Court has yet to consider reasonable suspicion within the context of this statute, and this further supports my belief that review should have been granted. Tex.R.App. P. 66.3(b).

First, section 545.402 forbids unsafe movement, and yet Officer Clark testified that he did not see any unsafe driving. § 545.402. Second, it seems apparent that Officer Clark lacked any basis to cite Appellant based upon a legitimate violation of section 545.402 since he did not witness the initial movement of the car. His concern would have been better served by following Appellant to possibly view an observable violation or to determine whether he needed to perform a community care-taking function. An objective consideration of the facts available to Officer Clark suggests that it could have been unreasonable for him to conclude that Appellant had violated section 545.402, given the fact that he did not observe unsafe driving or the car's initial movement.

## V. CONCLUSION

While this appeal is unique since it involves sound as the basis for reasonable suspicion, the issue is not totally isolated to squealing tires. Other cases could involve the sound of gunfire, screams of victims, loud music, engine noise, hammering on wood or steel, collision noise, and so on. A novel approach could also involve reasonable suspicion where there has been the absence of noise in certain situations.

Due to these unresolved questions, I respectfully dissent to the refusal of Appellant's Petition for Discretionary Review.

---

**2.** I acknowledge that this Court does not employ an "as consistent with innocent activity as with criminal activity" test for determining reasonable suspicion; but, the variety of explanations for a three-second tire spin affects the determination of whether a reasonably cautious person would believe that the action taken by the officer was appropriate. *Curtis v. State,* 238 S.W.3d 376, 379 (Tex.Crim.App. 2007).