**Opinion filed June 12, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00359-CR

_____

### BRAVITO GONZALES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17461B**

## M E M O R A N D U M   O P I N I O N

The jury convicted Bravito Gonzales of the offense of felony driving while intoxicated. Appellant pleaded true to one enhancement paragraph, and the trial court assessed punishment at confinement for ten years. In four issues, Appellant challenges the trial court's denial of his motion to suppress, the trial court's denial of his challenges for cause during voir dire, the trial court's failure to instruct the

jury on the lesser included offense of misdemeanor driving while intoxicated, and the sufficiency of the evidence to support his conviction. We affirm.

## I. *The Charged Offense*

A person commits the offense of driving while intoxicated (DWI) if he is intoxicated while operating a motor vehicle in a public place. *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2013). The offense is a third-degree felony if the State shows that the person previously has been twice convicted of the offense of DWI. *Id.* § 49.09(b)(2).

## II. *The Evidence at Trial*

Shane Meffert testified that he was involved in a traffic accident with Appellant on the night of Appellant's arrest. The incident began when Meffert stopped his southbound motorcycle at a red light. After the light turned green, Meffert started to go forward, but the vehicle facing northbound suddenly started to turn in front of him. The vehicle caused Meffert to drop his motorcycle in order to avoid a collision and to keep from being run over by the vehicle. The vehicle came to a stop partially in Meffert's lane with Meffert's motorcycle lying down in front of it. Meffert testified that there was never any contact between his motorcycle and the vehicle and that no one was injured as a result of the accident. After Meffert dropped his motorcycle, Appellant got out of the driver's side of the vehicle and accused Meffert of causing the accident. Meffert smelled alcohol on Appellant's breath. Soon thereafter, the police were called and arrived to investigate the accident.

Abilene Police Officers Chris Lazirko and Jeff Farley were the investigating officers at the scene. Officer Lazirko testified that he was dispatched to an auto accident around 9:30 p.m. on the night in question. When Officer Lazirko arrived on the scene, he saw Appellant's vehicle partially in the southbound lane and Meffert's motorcycle lying down. Officer Lazirko, as a part of routine practice,

2

talked to the drivers involved in the accident and other witnesses on the scene. Officer Lazirko detected the strong and distinct odor of alcohol coming from Appellant's breath as they discussed the events that led to the accident, and Officer Lazirko began to suspect a possible DWI. At that point, Officer Lazirko proceeded with the DWI investigation while Officer Farley took over the accident investigation.

Although there were no physical indicators of intoxication other than the smell of alcohol on Appellant's breath, Officer Lazirko decided to conduct field sobriety tests after speaking with Appellant and other witnesses on the scene. Officer Lazirko, with Appellant's consent, conducted the horizontal gaze nystagmus test and the walk-and-turn test; he did not conduct the one-leg stand test because Appellant indicated that he had a leg injury that could impair his ability to perform the test. According to Officer Lazirko, Appellant showed three of the four indicators of intoxication in the horizontal nystagmus test and did not pass the walk-and-turn test because he improperly touched his heel to his toe, took too many steps, and failed to follow instructions. Officer Lazirko placed Appellant under arrest for DWI and read Appellant his *Miranda*[1] rights. After Appellant refused to provide a breath or blood sample, Officer Lazirko questioned Appellant as part of the normal DWI investigation procedure. Appellant admitted that he was operating the vehicle involved in the accident and that he had recently finished drinking two Bud Ice quarts. Officer Lazirko testified that, based on his training and experience, he had "no doubt" that Appellant was intoxicated.

Officer Farley testified that he was dispatched to a disturbance call in reference to a vehicle accident on the night in question. Upon his arrival, Officer Farley saw a motorcycle lying in the street and Officer Lazirko talking to witnesses. Officer Farley joined the investigation and spoke with Appellant. Like

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

Officer Lazirko, Officer Farley detected the odor of alcohol on Appellant's breath. Officers Farley and Lazirko then conducted simultaneous investigations with respect to the accident and a possible DWI. Officer Farley's investigation led him to conclude that a "no contact vehicle accident" had taken place between Appellant and Meffert. Thereafter, Officer Farley observed Officer Lazirko conduct the field sobriety tests. Officer Farley testified that, based on his training and experience, he believed that Appellant was intoxicated.

## III. *Issues Presented*

Appellant presents four issues for our review. First, Appellant challenges the trial court's denial of his motion to suppress. Second, Appellant contends that the trial court committed reversible error when it denied his requests to strike certain voir dire panel members for cause and when it denied his request for additional peremptory strikes, thereby causing objectionable panelists to end up on the jury. Third, Appellant challenges the trial court's denial of his requested instruction on the lesser included offense of misdemeanor DWI. Fourth, Appellant challenges the sufficiency of the evidence to support his conviction. We will first address the motion to suppress, followed by the jury instruction issue, then the sufficiency of the evidence, and, finally, the challenges for cause.

## IV. *Motion to Suppress*

Appellant challenges the trial court's denial of his motion to suppress in his first issue. According to Appellant, the initial basis for his detention—a reported automobile accident—ceased when the officers determined that no collision had occurred and that they would not continue the accident investigation or issue a citation. Appellant contends that the smell of alcohol on his breath, without more, was insufficient to create a reasonable suspicion for further investigation and detention. Accordingly, Appellant contends that any evidence obtained as a result

4

of his subsequent detention, including the results of the field sobriety testing and his statements made to Officer Lazirko, should have been suppressed.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress under an abuse of discretion standard. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). In our review of a ruling on a motion to suppress, we apply a bifurcated standard of review. *Id.* at 922–23. We afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Id.* However, we review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Id.* at 923. Thus, we review de novo the issue of whether the totality of the circumstances was sufficient to support an officer's reasonable suspicion to detain a defendant for further investigation. *See Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007). In making this determination, we consider only the evidence adduced at the suppression hearing because the trial court's ruling relied on it rather than the evidence presented later at trial. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996).

### B. Applicable Law

Under the Fourth Amendment,[2] a warrantless detention of a person that amounts to less than a full-blown custodial arrest must be justified by a reasonable suspicion. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). Reasonable suspicion exists if the detaining officer has specific articulable facts that, when taken together with rational inferences from those facts, lead the officer to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005).

---

[2]U.S. CONST. amend. IV.

These facts must amount to more than a mere hunch or suspicion that criminal activity is afoot. *Cullum v. State*, 270 S.W.3d 583, 584–85 (Tex. Crim. App. 2008). The reasonable suspicion determination is an objective standard made by considering the totality of the circumstances. *Ford v. State*, 158 S.W.3d 488, 492–93 (Tex. Crim. App. 2005).

Generally, an officer's questioning of a witness during an accident investigation is a consensual encounter and, therefore, does not invoke the Fourth Amendment's protections. *State v. Rudd*, 255 S.W.3d 293, 298 (Tex. App.—Waco 2008, pet. ref'd) (citing *State v. Stevenson*, 958 S.W.2d 824, 829 (Tex. Crim. App. 1997)); *Stoutner v. State*, 36 S.W.3d 716, 719–20 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). However, what began as a consensual encounter may escalate to an investigative detention if the answers provided and the officer's observations provide reasonable suspicion to believe that the offense of DWI has occurred. *Rudd*, 255 S.W.3d at 298. In such a case, an officer may perform field sobriety tests, and the results of the sobriety testing may then lead to probable cause for an arrest. *See Rodriguez v. State*, 191 S.W.3d 428, 444–45 (Tex. App.—Corpus Christi 2006, pet. ref'd).

*C. Analysis*

Here, Appellant correctly recognizes that Officer Lazirko did not need to have even reasonable suspicion to talk with him at the accident scene and ask questions about the accident. *See Stevenson*, 958 S.W.2d at 829. The crucial question, then, is whether the answers to Officer Lazirko's questions and his observations during the investigation provided reasonable suspicion to believe that Appellant had committed the offense of DWI. *See id*.; *Rudd*, 255 S.W.3d at 298–99. We conclude that they did.

Appellant's argument that the reasonable suspicion to justify his detention was supported only by the smell of alcohol on his breath is misguided.

6

Officer Lazirko testified at the suppression hearing that he suspected DWI based on the strong odor of alcohol on Appellant's breath *and* Appellant having pulled in front of the motorcycle in the intersection where the accident occurred. The fact that the officers' investigation led them to conclude, contrary to initial reports, that a collision had not taken place did not nullify the information recovered by Officer Lazirko as to how the incident came about. Indeed, Officer Farley reported the incident as a "no contact vehicle accident," and witnesses told Officer Lazirko that Appellant failed to yield at a green light and turned in front of Meffert's motorcycle, thereby causing Meffert to lay his motorcycle down to avoid a collision. These facts rationally support an inference that Appellant's driving was impaired in some manner. Taken together with his detection of a strong odor of alcohol on Appellant's breath, Officer Lazirko could have reasonably concluded that Appellant might have been driving under the influence of alcohol and that further investigation was necessary to determine if Appellant had committed the offense of DWI. Given these specific articulable facts that Officer Lazirko described in the suppression hearing, the trial court properly concluded that Officer Lazirko had the requisite reasonable suspicion to justify Appellant's detention for further investigation. Thus, we hold that the trial court did not abuse its discretion when it denied Appellant's motion to suppress. Appellant's first issue is overruled.

### V. *Lesser Included Offense*

In his third issue, Appellant contends that the trial court committed reversible error when it denied his request for an instruction on the lesser included offense of misdemeanor DWI.

#### A. *Standard of Review*

The standard of review applicable to a jury instruction on a lesser included offense depends on which of the two substantive prongs the court is reviewing.

7

*See State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013). The first prong in the lesser included offense analysis requires us to decide whether an offense is a lesser included offense of the alleged offense. *Id.* This is a question of law that we review de novo. *Id.* Under the second prong, we must decide whether there is some evidence that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser offense. *Id.*; *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011).

### B. Applicable Law

The State concedes that the misdemeanor DWI offense is a lesser included offense of a felony DWI offense. That is the case because felony DWI is nothing more than the misdemeanor offense enhanced by proof of two or more prior DWI convictions. *See* PENAL § 49.09(b)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006) (providing statutory elements of lesser included offense). Thus, our analysis turns on the second prong of the lesser included offense analysis: whether there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser included offense of misdemeanor DWI. *See Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011).

Evidence that amounts to anything more than a mere scintilla is sufficient to entitle a defendant to a lesser charge. *Id.* Although this is a low threshold, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003) (citing *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997)). As such, the Court of Criminal Appeals has held that the standard may be satisfied "if some evidence refutes or negates other evidence establishing the

greater offense or if the evidence presented is subject to different interpretations." *Sweed*, 351 S.W.3d at 68 (citing *Robertson v. State*, 871 S.W.2d 701, 706 (Tex. Crim. App. 1993)).

Here, to convict Appellant of felony DWI, the jury had to find him guilty of the offense in this case and determine that he had two prior DWI convictions. *See* PENAL §§ 49.04(a); 49.09(b)(2). To prove a prior conviction of an offense, the State must establish beyond a reasonable doubt that a prior conviction exists and link the defendant to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Although evidence of a certified copy of a final judgment and sentence is the preferred and convenient means to do so, the State may prove the existence of the prior conviction and its link to the defendant in a number of different ways. *Id.* at 921–22.

*C. Analysis*

Appellant argues that the records of his alleged prior convictions are unreliable, which could lead a rational trier of fact to find that Appellant was guilty of a misdemeanor DWI rather than a felony. However, a defendant who simply denies the additional element of the offense by pleading not guilty or by arguing that the jury could have disbelieved the State's evidence has failed to meet the standard we described above. *See Hampton*, 109 S.W.3d at 441. In addition, the trial court initially determines if there is any evidence, credible or not, from any source that shows that the defendant is guilty of the lesser offense and not guilty of the greater offense. *Goad*, 354 S.W.3d at 452.

Appellant has not pointed to any evidence in the record that he was not convicted of the two DWI offenses that were presented by the State at trial. The State presented the jury with a certified copy of each judgment and sentence, which stated that Bravito Gonzales was guilty of the offense of DWI on January 29, 1985, and January 12, 1994, respectively. Although the judgments did

9

not contain a fingerprint to specifically link Appellant to them, the State offered the booking records pertaining to the arrest for each of the prior offenses. The booking records contained Appellant's presumed fingerprint, his date of birth, and the appropriate case numbers that corresponded with the judgments. Next, the State linked Appellant to the arrest records by eliciting testimony from a fingerprint identification expert who compared the fingerprints from the arrest records to Appellant's fingerprints and concluded that they matched. This evidence was sufficient to link Appellant to the prior convictions, and Appellant has not pointed to, nor have we found, any evidence to show that he was not convicted of the two previous DWI offenses. As such, no rational jury could find that Appellant was guilty of misdemeanor DWI rather than felony DWI. We therefore hold that the trial court did not err when it refused to provide the jury with an instruction on the lesser included offense. Appellant's third issue is overruled.

## VI. *Sufficiency of the Evidence*

In his fourth issue, Appellant contends that the evidence was insufficient to establish (1) that he was intoxicated at the time of the alleged offense and (2) that he had previously been convicted of two DWI offenses.

### A. *Standard of Review*

To determine if the evidence is sufficient to support a conviction, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). In conducting a sufficiency review, we defer to the jury's role as the sole judge of the credibility of the witnesses and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in

10

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and, therefore, defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Each fact need not point directly and independently to the defendant's guilt, so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

### B. Applicable Law

We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). As previously stated, a person commits the offense of DWI if he (1) was intoxicated (2) while operating a motor vehicle (3) in a public place. PENAL § 49.04(a). The offense is a third-degree felony if the accused had two prior convictions for DWI at the time of the charged offense. *Id.* § 49.09(b)(2). Appellant restricts his sufficiency challenge to the element of intoxication and to the proof of two prior convictions for DWI. As we held above, the State provided sufficient proof to establish the existence of two prior DWI convictions and Appellant's link to them. *See Flowers*, 220 S.W.3d at 921. We therefore focus our sufficiency review on the element of intoxication.

"Intoxicated" means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol" or "having an alcohol concentration of 0.08 or more." PENAL § 49.01(2) (West 2011). The first definition of intoxication is known as the "'impairment' theory" and demonstrates that a person may still be legally intoxicated even if there is no evidence of his blood, breath, or urine alcohol content. *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex.

11

Crim. App. 2010). The impairment theory is germane in this case because there was no evidence of alcohol concentration.

*C. Analysis*

As we outlined above, the record reflects that Officer Lazirko detected the strong odor of alcohol on Appellant's breath when he first made contact with him at the accident scene and that witnesses indicated that Appellant caused the accident when he failed to yield at a green light and turned in front of Meffert's motorcycle. Officer Lazirko conducted field sobriety tests on Appellant, and Appellant failed these tests. After Appellant was placed under arrest and read his *Miranda* rights, he admitted to having recently finished drinking two Bud Ice quarts. Further, Officers Lazirko and Farley both testified at trial that, based on their training and experience, they believed that Appellant was intoxicated. Given Appellant's involvement in the accident, his poor performance on the field sobriety tests, and his admission of recent drinking, we conclude that a rational trier of fact could have found that Appellant was intoxicated at the time of the accident. Thus, the evidence was sufficient to support his conviction. We overrule Appellant's fourth issue.

VII. *Challenge for Cause*

In his second issue, Appellant challenges the trial court's denial of his requests to strike certain voir dire panel members for cause and his request for additional peremptory strikes.

*A. Standard of Review*

When reviewing the denial of a challenge for cause, we look at the entire record to determine if there is sufficient evidence to support the ruling. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). We give considerable deference to the trial court's ruling on a challenge for cause because "the trial judge is in the best position to evaluate a venire member's demeanor and

12

responses." *Id.* We accord particular deference to the trial court's decision when a veniremember's answers are vacillating, unclear, or contradictory. *Id.* Accordingly, we will reverse a trial judge's ruling on a challenge for cause only for a clear abuse of discretion. *Id.*

### B. Applicable Law

Either the State or defense may challenge a prospective juror for cause if he has a bias or prejudice against the defendant or against the law upon which either the State or the defense is entitled to rely. *Id.*; *see also* CRIM. PROC. art. 35.16(a)(9). The test is whether the bias or prejudice would substantially impair the veniremember's ability to carry out the oath and instructions in accordance with the law. *Davis*, 329 S.W.3d at 807. Before a veniremember may be excused due to potential bias, the proponent must explain the law to him and ask whether he can follow that law regardless of his personal views. *Id.* The burden of establishing that the challenge for cause is proper rests on the proponent of the challenge. *Id.* The proponent does not meet this burden until the proponent shows that the veniremember understood the requirements of the law and could not overcome his prejudice well enough to follow the law. *Id.*

### C. Analysis

Appellant claims that the trial court erroneously denied his challenges for cause due to bias as to nine veniremembers: Willis, Ortiz, Martinez, Robinson, Diller, Brown, Davis, Solomon, and Lackey. As a result of the trial court's denial of Appellant's challenges for cause to these nine veniremembers, Appellant claims that he was harmed when four objectionable jurors sat on the jury.

The record shows that, near the end of voir dire, Veniremembers Ortiz, Robinson, Solomon, Brown, Willis, Davis, Diller, Lackey, and Martinez all stated that they were leaning toward the State for a variety of reasons. However, after these veniremembers indicated their personal views and potential bias in favor of

13

the State, neither party questioned them further about their statements, explained the law to them or what the law requires, or asked whether they could follow the law despite their personal views. As such, Appellant failed to meet his burden to establish that the complained-of veniremembers were challengeable for cause on the basis of bias.

We therefore hold that the trial court did not abuse its discretion when it denied Appellant's challenges for cause. *See Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004) (holding trial court did not abuse its discretion when it denied a challenge for cause when neither party questioned the complained-of venireperson further about his potential bias, explained what the law requires, or asked whether he could follow the law despite personal views); *see also Swearengin v. State*, 349 S.W.3d 284, 288 (Tex. App.—Eastland 2011, pet. ref'd) (holding trial court did not abuse its discretion when it overruled defendant's challenge for cause because defendant failed to show that complained-of venireperson understood the requirements of the law and yet could not overcome his personal feelings and follow the law). Because we have concluded that bias was not established, we overrule Appellant's second issue.

## VIII. *This Court's Ruling*

Having overruled all four of Appellant's issues, we affirm the judgment of the trial court.

MIKE WILLSON

June 12, 2014                                             JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

14