# NO. 12-17-00200-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WALTER LEWIS GRIFFIS,* *APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury convicted Appellant, Walter Lewis Griffis, of felony driving while intoxicated and assessed his punishment at four years imprisonment. In one issue, Appellant complains that the evidence is insufficient to support his conviction. We affirm.

## BACKGROUND

On April 4, 2016, Appellant drove his pickup around a curve in the highway when, according to his testimony, he swerved to avoid an oncoming car. Appellant lost control of his pickup. The vehicle came to rest in the ditch beside the road after it began to roll over on its side and then righted itself.

Troy Mortenson testified that Appellant passed him at a high rate of speed just before losing control of his vehicle. Mortenson testified that Appellant was alone in the vehicle, and that he helped Appellant exit the passenger side window of the wrecked pickup. He described Appellant's behavior as erratic. Mortenson said that Appellant appeared to be drunk, although he conceded that Appellant's conduct could be due to shock. Mortenson remained at the scene until Texas State Trooper Jack Hallock arrived at the scene and took Mortenson's statement.

Appellant told Trooper Hallock that he was the driver of the wrecked pickup, and that he was not injured. Trooper Hallock detected a strong odor of an alcoholic beverage on Appellant's

breath. He observed Appellant's balance was unsteady, his eyes were watery, and his speech slurred. Trooper Hallock concluded Appellant may be impaired. When Trooper Hallock asked him how much he had to drink, Appellant replied, "I'm not taking a Breathalyzer." Appellant refused to stand up straight to allow Hallock to administer the horizontal gaze nystagmus test. Based on Appellant's refusal to comply with instructions, Hallock concluded it was useless to attempt to administer other field sobriety tests.

When the paramedics arrived, Appellant told them he was injured and wanted to be taken to the hospital. Hallock followed Appellant's ambulance to the hospital where he found Appellant loudly shouting and cursing in the emergency room. After Appellant's refusal to voluntarily provide a blood sample, Hallock secured a warrant authorizing the taking of a blood sample from Appellant. The sample showed a blood alcohol concentration of 0.173 grams of alcohol per 100 milliliters of blood.

While at the hospital, Appellant refused medical treatment, although he previously asked to be taken to the hospital for treatment of his injuries. Later on, at the jail, Appellant told Trooper Hallock, "I hope somebody shoots you in the head and blows your brains out."

Appellant testified that when the accident occurred, he and his brother were both in the pickup on the way to pick up their mother and take her to the hospital. Only his brother was present when Appellant climbed out of the window, and not Mr. Mortenson. Appellant's brother testified that he helped Appellant out of the vehicle. According to Appellant, his brother left the scene almost immediately after the accident to see about their mother. The brother was gone before Trooper Hallock arrived.

Appellant testified that he "was shaking like a leaf" after the accident. An unknown bystander gave him a pint bottle of whiskey and told him that the whiskey would help him calm down. Appellant took several generous swigs from the bottle, amounting in total, to probably a half pint. Appellant told the court that he drank no alcoholic beverage for several years before the accident. He testified that the whiskey he drank on the roadside after the accident was the first alcoholic beverage he consumed since being sent to prison after a previous DWI conviction years before.

Appellant's brother testified that he was constantly with Appellant for many hours before the accident, and that he was a passenger in Appellant's pickup when the accident occurred. He

2

told the court that he knew Appellant drank no alcoholic beverage before the accident. After the jury found Appellant "guilty" and assessed his punishment, this proceeding followed.

**EVIDENTIARY SUFFICIENCY**

In his only issue, Appellant contends the evidence is insufficient to support his conviction for driving while intoxicated.

**Standard of Review**

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" requires the reviewing court to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899.

Circumstantial evidence is as probative a direct evidence in establishing the guilt of an actor. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "[T]he standard of review on appeal is the same for both direct and circumstantial evidence cases." *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). An appellate court presumes that the factfinder resolved any conflicting inferences in favor of the verdict and defers to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

**Applicable Law**

A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2017). An offense under Section 49.04 is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted two times of any other offense relating to the operating of a motor vehicle while intoxicated. *Id*. § 49.09(b)(2) (West Supp. 2017). "Intoxicated" means (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or, (B) having an alcohol concentration of 0.08 or more. *Id*. § 49.01(2) (West 2011).

3

In order for the evidence to be sufficient to support a conviction for driving while intoxicated, there must be a temporal link between a defendant's intoxication and his driving. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). "Indications that the accused was intoxicated when the police arrived do not, in themselves prove that the accused was intoxicated at the prohibited time, i.e., when the accused was driving." *Stoutner v. State*, 36 S.W.3d 716, 721 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (op. on reh'g). There must be evidence from which a rational jury could have concluded that, beyond a reasonable doubt, the defendant was intoxicated while operating a vehicle in a public place. *See id*. A defendant's intoxication at the scene of an accident in which he was the driver is some circumstantial evidence that his intoxication caused the accident. *Kuciemba*, 310 S.W.3d at 462. The evidence is even more compelling when the accident is a one car collision with an inanimate object. *Id*.

The Texas Transportation Code allows the court to admit evidence of the defendant's refusal to submit to a specimen of breath or blood. TEX. TRANSP. CODE ANN. § 724.061 (West 2011); *Bartlett v. State*, 270 S.W.3d 147, 152 (Tex. Crim. App. 2008). Speeding is also a factor to be considered, because it can indicate impaired judgment. *Zill v. State*, 355 S.W.3d 778, 786 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The testimony of a police officer that an individual is intoxicated is probative evidence of intoxication. *Gruber v. State*, 812 S.W.2d 368, 370 (Tex. App.—Corpus Christi 1991, pet. ref'd). Evidence that would raise a rational inference that the defendant was intoxicated while driving includes erratic driving, post driving behavior such as stumbling, swaying, slurring, or mumbling words, inability to perform field sobriety tests or follow directions, blood-shot eyes, and any admissions by the defendant about what, when, and how much he had been drinking. *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010).

**Discussion**

Appellant contends that none of the evidence of his intoxication relates to the time he was driving his pickup. All of the evidence, he insists, shows only that he became intoxicated after the wreck after drinking a half pint of whiskey on the roadside to calm his nerves. Appellant testified that this was his first drink since going to prison for another DWI conviction some years earlier. His brother told the court that he was riding with Appellant at the time of the accident. According to the brother, he was with Appellant continuously for several hours before the accident. He also testified that Appellant had been a teetotaler since his prior conviction.

4

However, there is evidence that Appellant was already intoxicated at the time of the accident. Mortenson testified that Appellant sped past him and lost control of his pickup. According to Mortenson, Appellant was alone in the vehicle. Mortenson, not Appellant's brother, helped Appellant exit the passenger window of the wrecked vehicle. Mortenson said Appellant smelled of beer, acted erratically, and appeared intoxicated. A paramedic who was with Appellant in the ambulance on the way to the hospital testified that Appellant told her that he had a twelve pack of beer approximately eight hours ago. No witness, other than Appellant, saw the man who gave him the pint bottle of whiskey or saw Appellant drink from it. There is nothing in the record to show that Appellant offered this explanation at the scene. When the officer at the scene asked him how much he had to drink, Appellant simply replied that he would not take a Breathalyzer. It is within the jury's province to resolve any conflicts and inconsistencies in the evidence and to draw reasonable inference therefrom. *See Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). The record justifies the jury's rejection of Appellant's explanation of his admitted intoxication after the accident.

Viewing all of the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found Appellant guilty, beyond a reasonable doubt, of driving while intoxicated. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899; TEX. PENAL CODE ANN. §§ 49.01(2), 49.04. Because the evidence is sufficient to support Appellant's conviction, his sole issue is overruled.

## DISPOSITION

The judgment is *affirmed*.

**BILL BASS**
Justice

Opinion delivered September 19, 2018.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 19, 2018**

**NO. 12-17-00200-CR**

**WALTER LEWIS GRIFFIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-17-33080)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*